**Opinion issued December 19, 2013**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00029-CR

_____

**MANUEL MACARIO MORALES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1314289**

## MEMORANDUM OPINION

Appellant, Manuel Macario Morales, pleaded guilty, with an agreed recommendation from the State, to the offense of evading arrest or detention. *See* TEX. PENAL CODE ANN. § 38.04(b)(1) (West Supp. 2013). In accordance with appellant's plea agreement with the State, the trial court found sufficient evidence

to find appellant guilty, but deferred making any finding regarding appellant's guilt and placed appellant on community supervision for a period of two years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(a) (West Supp. 2013). The State then filed a motion to adjudicate appellant's guilt. *See id.* §§ 5(b), 21(e). Appellant pleaded true to all alleged violations of the terms of his community supervision. After a hearing, the trial court found five alleged violations not true and four alleged violations true, adjudicated appellant guilty, and sentenced appellant to eighteen months in state jail and a fine of $300.00. *See id.* §§ 5(b), 21(b-2), 23. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has also informed us that he delivered a copy of the brief to appellant and informed him of his right to examine the appellate record and to file a response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Appellant has not filed a pro se response.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (same). Appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We note that the trial court's judgment includes a $300.00 fine. The record shows, however, that the fine was not part of the trial court's oral pronouncement of appellant's sentence. "[W]hen there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement controls." *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim.

App. 1998); *see also Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). An appellate court that has the necessary information before it may correct a trial court's written judgment, including a judgment adjudicating guilt after revocation of deferred adjudication community supervision, to reflect the oral pronouncement. *See Taylor*, 131 S.W.3d at 500–02; *see also Smith v. State*, No. 02-11-00295-CR, 2012 WL 2036467, at *2 (Tex. App.—Fort Worth June 7, 2012, no pet.) (in *Anders* appeal, modifying judgment adjudicating guilt after revocation of deferred adjudication community supervision so that it conformed with trial court's oral pronouncement).

Accordingly, we modify the trial court's judgment to delete the imposition of a $300.00 fine. We affirm the judgment of the trial court as modified and grant counsel's motion to withdraw.[1] Attorney Franklin G. Bynum must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

### PER CURIAM

Panel consists of Justices Keyes, Higley, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).